UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas King,

    Plaintiff,

v.

Advanced Correctional Healthcare, Inc.,
Midland County, Dr. Nisha Chellam, and
Deputy J. Saylor

    Defendants.

Case No. 2:21-cv-11369
Hon. Paul D. Borman

_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Thomas King is incarcerated at the Midland County Correctional Facility. Plaintiff claims that conditions at the facility and the actions of the two individually named Defendants violate his Eighth Amendment rights. The Court will summarily dismiss the complaint with respect to Defendants Advanced Correctional Healthcare, Inc. (ACH), and Midland County. The case will proceed against Defendants Dr. Nisha Chellam and Deputy J. Saylor.

**I. Standard of Review**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose

1

of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id*., it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

## II. Complaint

Plaintiff does not indicate in his terse *pro se* complaint whether he is a pretrial detainee or whether he is serving a jail sentence. In either event, the complaint challenges conditions at the Midland County Correctional Facility, which serves as the county's jail.

Plaintiff alleges that Defendant ACH fails to provide adequate health care services at the jail. Specifically, Plaintiff complains that he is being denied protein drinks, a wheelchair or walker, and physical therapy.

Plaintiff asserts that Defendant Midland County fails to maintain a clean, safe, and healthy environment at the jail. He asserts that the jail lacks a separate unit for disabled prisoners, the showers lack equipment for disabled prisoners, and the County fails to provide mental health services. Plaintiff also asserts that since the George Floyd incident, the jail has "shown extreme implicit bias … to Black

3

inmates, denying us newspapers, religious newspapers, radio, and very limited television with channels controlled by staff." (ECF No. 1, PageID.7.)

Plaintiff asserts that Defendant Deputy Saylor, a corrections officer, "is the leader of the chain conspiracy," and that Saylor took Plaintiff's wheelchair from him, though Saylor knew that Plaintiff "can barely walk or stand." (id., PageID.5, 7.)

Finally, Plaintiff asserts that Defendant Chellam, a medical doctor at the jail, refuses to treat Plaintiff for his gunshot wounds and post-traumatic stress disorder.

### III. Discussion

Plaintiff's allegations implicate the Eighth or Fourteenth Amendments to the United States Constitution. The Eighth Amendment prohibits ''cruel and unusual punishments.'' U.S. Const. amend. VIII. Although the Amendment applies only after a formal adjudication of guilt, *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977), ''[d]ue process requires that a pretrial detainee not be punished.'' *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Thus, whether Plaintiff is a convicted prisoner or a pretrial detainee, he has a right to be free from cruel and unusual punishment:

> The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.

4

*Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)); *see also Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (stating that, when a claim of deliberate indifference to serious medical needs ''is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point'') (quoting *Phillips v. Roane Cty.*, 534 F.3d 531, 539 (6th Cir. 2008)).

To state a claim against Defendants, Plaintiff must assert facts indicating that (1) that the alleged deprivation was sufficiently serious, and (2) that Defendants had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Winkler*, 893 F.3d at 890-91. The required mental state is one of '''deliberate indifference' to inmate health or safety.'' *Farmer*, 511 U.S. at 834. ''[D]eliberate indifference entails something more than mere negligence.'' *Id.* at 835. As explained in *Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018), ''[t]he plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence.'' *Id.* at 737.

With respect to the two individually named Defendants, the terse allegations in the complaint, liberally construed, suffice to allow the case to proceed on a deliberate indifference claim. Plaintiff asserts a sufficiently serious medical need - his inability to stand or walk and untreated gunshot wounds. Plaintiff claims that

Saylor took his wheelchair away from him despite knowledge of the medical need for one. Plaintiff asserts that Chellam, a medical doctor, refuses to treat his gunshot wounds. The claims against these two Defendants survive the PLRA's initial screening requirement.

With respect to Defendant Midland County, in *Monell v. Department of Social Services of New York*, the Supreme Court held that municipalities are "persons" subject to suit under 42 U.S.C.A. § 1983. *Monell*, 436 U.S. 658, 700-01 (1978). Such a claim may only be brought when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694.

A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694.

6

Even liberally construed, Plaintiff's complaint fails to make sufficient factual allegations to state a claim for municipal liability under *Monell*. None of the allegations in the complaint suggest the existence of an illegal official policy, that an official with final decision-making authority ratified illegal actions, the existence of a policy of inadequate training, or the existence of a custom of tolerance of federal rights violations. Rather, according to Plaintiff, Deputy Saylor "is the leader of the chain conspiracy." (ECF No. 1, at PageID.7.) Plaintiff's conclusory allegation that Midland County fails to provide a safe and healthy environment and that the jail lacks sufficient facilities for disabled prisoners does not state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, with respect to Defendant ACH, it is well-settled that a corporation cannot be held liable in a § 1983 suit under the theory of vicarious liability. *See Monell*, 436 U.S. at 694; *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996) (*Monell's* bar to respondeat superior liability applies to private corporations that are performing services as an agent of the State and are therefore deemed to be state actors for purposes of § 1983). Rather, to state a claim of deliberate indifference against this Defendant, Plaintiff must plead a claim of a specific policy, practice, or custom of that "directly caused [him to suffer] a deprivation of federal rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465

7

(6th Cir. 2001) (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997)); see also *Hodges v. Corizon*, No. 14-11837, 2015 WL 1511153, at *4 (E.D. Mich. Mar. 30, 2015).

Plaintiff fails to identify any specific policy, practice, or custom adopted by ACH with respect to medical services provided to jail inmates. In the absence of any allegations connecting the alleged inadequate medical care for Plaintiff by the individually named Defendants to a specific policy, practice, or custom, Plaintiff fails to state a claim against ACH.

## IV. Conclusion

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss Defendants Midland County and Advanced Correctional Healthcare, Inc., for Plaintiff's failure to state a claim against these Defendants. The case will proceed with respect to Defendants Dr. Nisha Chellam and Deputy J. Saylor.

SO ORDERED.

s/Paul D. Borman  
Paul D. Borman  
United States District Court

Dated: July 20, 2021