UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS KING,

        Plaintiff,                              Case No. 2:21-cv-11369-PDB-JJCG
                                            District Judge Paul D. Borman
v.                                             Magistrate Judge Jonathan J.C. Grey

ADVANCED CORRECTIONAL HEALTHCARE, INC. *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT

**I.**      **Procedural History**

Thomas King, an incarcerated person, brings this *pro se* complaint against Nisha Chellam and Deputy J. Saylor.[1] (ECF No. 1; ECF No. 5.) On July 9, 2021, the Court informed the parties of their responsibility to notify the Court of address changes, but King's copy was returned as undeliverable. (ECF No. 3; ECF No. 9.) Several other orders also were returned as undeliverable: (1) an order granting the application to proceed without prepaying fees or costs dated July 14, 2021 (ECF No. 4; ECF No. 8); (2) an opinion and order of partial summary judgment dated July 20, 2021 (ECF No. 5; ECF No. 11); (3) an order referring pretrial matters to Magistrate Judge Curtis Ivy, Jr. dated July 23, 2021 (ECF No. 7; ECF No. 13); and (4) an order to show cause dated August 9, 2021 (ECF No. 10; ECF No. 14.) Given that King failed to keep his address

---

[1] On July 20, 2021, the Court dismissed Advanced Correctional Healthcare, Inc. and Midland County from the complaint. (ECF No.5.)

updated as required, the Court issued an order on August 9, 2021, requiring King to show cause by October 11, 2021 why this matter should not be dismissed. (ECF No. 10.) On September 29, 2021, Judge Paul D. Borman referred pretrial matters to the undersigned.

To date, King has not filed a response to the Court's order to show cause, nor has he provided an updated address. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that King's complaint against Chellam and Saylor be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b).

**II.  Analysis**

Under Federal Rule of Civil Procedure 41(b), federal courts may *sua sponte* dismiss a claim for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Steward v. City of Jackson*, 8 F. App'x. 295, 296 (6th Cir. 2001). This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion." *Link*, 370 U.S. at 629. Further, the local rules state that the Court may dismiss a case for failure to prosecute when "the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

When contemplating Rule 41(b) dismissal of an action, the Sixth Circuit considers four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to

cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Here, the factors weigh in favor of dismissal.

The first factor weighs in favor of dismissal. It is unclear whether King's failure to cooperate is due to willfulness, bad faith, or fault. In fact, it is probable that King has not seen the notice to notify court of address changes because it was returned as undeliverable. (ECF No. 3; ECF No. 10). Even so, "[King] cannot expect that the Court or defendants will be able to find him, and defendants cannot be expected to defend an action which [King] has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008).

The second factor weighs in favor of dismissal because Chellam and Saylor are prejudiced by King's conduct. Chellam and Saylor have an action pending against them while King appears to have abandoned his claims.

The third factor weighs heavily in favor of dismissal because of the Court's order to show cause. After several orders were returned as undeliverable, the Court ordered King to show cause why the action should not be dismissed for failure to keep his address updated. (ECF No. 10.) In the order, the Court warned King that failure to

respond would result in a recommendation for a Rule 41(b) dismissal. *Id.* King did not respond to this warning.

The fourth factor also clearly weighs in favor of dismissal. The Sixth Circuit has held that dismissal is appropriate for *pro se* litigants' failure to provide the district court with a current address. *White v. City of Grand Rapids*, 34 F. App'x. 210, 211 (6th Cir. 2002); *see also Watsy v. Richards*, 816 F.2d 683, 683 (6th Cir. 1987) (finding "a clear record of delay or contumacious conduct on the part of the plaintiff" for failure to provide information necessary to enable communication with him). Because of King's failure to respond to the order to show cause, the undersigned finds no utility in imposing or considering lesser sanctions.

On balance, all four factors support dismissal for failure to prosecute.

### III. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that King's complaint be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).

s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States Magistrate Judge

Dated: October 26, 2021

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2021.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager